### IN THE DISTRICT COURT OF THE
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JOHN KRAEMER,                                    )
                                                 )
              Plaintiff,                          )
                                                 )        Case No.
       v.                                        )
                                                 )        Division No.
GC DIVESTITURE, LLC f/k/a                        )
GROUPCAST, L.L.C. d/b/a                          )
GROUPCAST MESSAGING SYSTEMS,                     )        **JURY TRIAL DEMANDED**
                                                 )
       **HOLD SERVICE**                          )
                                                 )
              Defendant.                          )

### COMPLAINT FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 USCA § 621 ET SEQ.

COMES NOW Plaintiff, John Kraemer ("Plaintiff"), by and through his undersigned counsel, and for his Petition against GC Divestiture, LLC f/k/a Groupcast, L.L.C. d/b/a Groupcast Messaging Systems a Missouri limited liability corporation ("Defendant"), states as follows:

### PARTIES

1. Plaintiff, John Kraemer ("Plaintiff") brings this action under The Age Discrimination in Employment Act 29 USCA § 621 *et seq.*, as amended ("ADEA").

2. Plaintiff is, and at all relevant times has been, a resident of St. Louis County, Missouri.

3. At all times relevant hereto, Plaintiff worked as an employee for Defendant.

4. Plaintiff was hired by Defendant in or about 2007 as a Commercial Sales representative.

5. Plaintiff is and, at all relevant times herein, was a member of a protected class under the ADEA.  Namely, Plaintiff is over forty (40) years old.

6. Defendant is a Missouri Limited Liability Corporation duly organized, established and existing under and by virtue of the laws of the State of Missouri, headquartered at 9735 Landmark Parkway, Suite 100, St. Louis, MO 63127.

7. Defendant is responsible for the actions, policies, practices, and customs of Defendant as well as the hiring, screening, training, supervision, controlling, firing, and disciplining of employees and agents of Defendant.

8. Defendant is an employer under 29 USCA § 630(b).

9. Plaintiff is an employee under 29 USCA § 630(f).

10. At all relevant times herein, Plaintiff was employed by Defendant.

## JURISDICTION AND VENUE

11. Defendant's unlawful employment practices complained of herein occurred in St. Louis County, Missouri. This Court has jurisdiction over the subject matter of this action pursuant to 29 USCA § 626(c)(1) because any person aggrieved under the ADEA may bring a civil action in any court of competent jurisdiction.

## JURISDCTIONAL PREREQUISITES

12. On or about May 27, 2014, Plaintiff filed a Charge of Discrimination ("Charge") with the MCHR and the U.S. Equal Employment Opportunity Commission ("EEOC").

13. Defendant Groupcast was named in Plaintiff's Initial Charge of Discrimination. (See Exhibit 1).

14. On or about September 14, 2017, the EEOC issued Plaintiff a Notice of Right to Sue. Accordingly, Plaintiff has fully complied with all jurisdictional prerequisites under The Age Discrimination in Employment Act to bring this action. A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto and incorporated by reference as Exhibit 2.

- 2 -

## FACTUAL ALLEGATIONS

15. At all times relevant herein, Plaintiff was employed by Defendant.

16. Plaintiff was hired as a Commercial Sales representative.

17. Plaintiff consistently performed his duties and responsibilities as a Commercial Sales representative in a satisfactory manner during Plaintiff's employment.

18. On or about December 6, 2013, Plaintiff was told that Plaintiff's employment as a Commercial Sales representative was terminated because Defendant was moving in another direction and Plaintiff was "too old to train."

19. On or about December 6, 2013, Plaintiff was given a resignation agreement to sign. Plaintiff was told that Plaintiff had to sign the resignation agreement if Plaintiff wanted any form of severance and a letter of recommendation.

20. Plaintiff was not given any time to consider whether to sign the agreement and believed that he had no choice but to sign the agreement.

21. Plaintiff was not given any opportunity to reconsider his decision or revoke Plaintiff's resignation.

22. On December 6, 2013 Plaintiff' employment was improperly terminated due to his age. At the time Plaintiff was fifty-four (54) years old.

23. Plaintiff was improperly, unlawfully and involuntarily forced to sign a resignation agreement.

## COUNT I

### ADEA (29 USCA § 621, et seq.) – Prohibited Age Discrimination

24. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

- 3 -

25. Defendant has engaged in unlawful discriminatory acts that are prohibited under the ADEA.

26. Defendant is an employer as defined under the ADEA.

27. Age is a protected class under the ADEA.

28. Plaintiff was over age forty (40) years old while working for Defendants. Plaintiff was age fifty-four (54) on December 6, 2013 when he was terminated.

29. Plaintiff was told that the he was "too old to train" as the basis for his termination.

30. Defendant terminated Plaintiff's employment because of his age.

31. Defendant further treated Plaintiff inequitably based upon his age and provided unfavorable workplace terms, conditions, and privileges of employment as compared to other similarly situated employees.

32. As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his age, in violation of 29 USCA § 623– at the hands of Defendant.

33. Defendant discharged Plaintiff from employment because of his age.

34. Defendant condoned, ratified, and/or authorized the discrimination of Plaintiff on the basis of Plaintiff's age.

35. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained and continues to sustain damages, including but not limited to economic loss in the form of lost wages, emotional distress, humiliation, embarrassment, and deprivation of his civil rights.

36. Defendant's conduct was willful, thereby entitling Plaintiff to an award of liquidated damages as provided for under the law.

37. The individuals acting towards Plaintiff were agents, servants, and employees of Defendant, and were at all relevant times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized by Defendant; and/or their actions were ratified by Defendant, thus making Defendant liable for said actions under the doctrine of respondeat superior.

38. Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant, as well as all other remedies provided for in the ADEA.

39. Plaintiff requests a trial by jury on all issues in this case which are so triable.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment against Defendant and in Plaintiff's favor in this Petition and (a) for a finding that Plaintiff has been subjected to unlawful discrimination prohibited by 29 USCA § 621, et seq.; (b) an injunction to enjoin Defendant from like conduct in the future; (c) an award of actual damages in an amount to be proved at trial, including but not limited to back pay, front pay, and emotional distress damages in an amount to exceed $25,000; (d) liquidated damages; (e) court costs, pre-judgment interest, and post-judgment interest; (f) reasonable attorneys' fees; and (g) such other relief as the Court deems fair and equitable.

ENGELMEYER & PEZZANI, LLC

By:   /s/ Anthony M. Pezzani
Anthony M. Pezzani, MO #52900MO
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO 63017
(636) 532-9933 Phone
(314) 863-7793 Facsimile
Attorney for Plaintiff